No. 3262.

FARGASON & CLAY *v.* W. B. JOHNSON & SON. JOHN WILLIAMS & SONS, Intervenors.

As to third parties, privilege can have no effect unless duly recorded. This is the settled jurisprudence of this State since the adoption of the constitution of 1868. There is, in this instance, no evidence of the registry of any privilege in favor of the intervenors. It is not necessary therefore to discuss the effect of the possession of the railroad receipt for the cotton on which a privilege is claimed.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Given Campbell* and *J. Ad. Rozier,* for plaintiffs and appellants. *A. Robert,* curator *ad hoc,* for absent defendants. *Clarke, Bayne & Renshaw,* for intervenors and appellees.

LUDELING, C. J. The plaintiffs attached thirteen bales of cotton as the property of their debtors, while in the actual possession of the carrier, the New Orleans, Jackson and Great Northern Railroad Company. The third opponents intervened and claimed a privilege on the cotton for advances made and for plantation supplies, and alleged that they had the railroad receipt for said cotton, which is claimed to be equivalent to a bill of lading.

As to third parties privileges can have no effect unless duly recorded. This is the settled jurisprudence of this State since the adoption of the constitution of 1868. There is no evidence of registry of any privilege in favor of the intervenors. D. J. Edwards *v.* Wilkinson, 25 An. It is not necessary therefore to discuss the effect of the possession of the railroad receipt for the cotton.

It is therefore ordered that the judgment of the lower court be annulled, and that there be judgment rejecting the intervenors' demands.

It is further ordered that the property attached be sold to satisfy the judgment rendered, by the district judge, in favor of the plaintiffs and against the defendants, W. B. Johnson & Son, and the costs in the attachment proceedings; and that the costs of the intervention, in the district court, and of this appeal, be paid by the intervenors.

---

Wyly, J., *dissenting.* The evidence in this case satisfies me that by special agreement W. B. Johnson & Son pledged the cotton in question to secure John Williams & Sons for advances made to them. John Williams & Sons were in possession of the bills of lading, or the railroad receipts, about two weeks before the cotton was attached by the plaintiffs. Holding the bills of lading, they held the legal title of the property, and the possession of the railroad was for them, and in effect their possession. The moment the bills of lading fell into the hands of John Williams & Sons they acquired in law the possession of the property; and the antecedent agreement to pledge ripened into a complete contract of pledge. Holding the cotton in pledge when the attachment was levied, the right of John Williams & Sons was not lost for want of registry, because under the laws of this State no registry is necessary to preserve or give effect to the contract of pledge.

I think the court below did not err in giving the cotton to the intervenors, the pledgees; and therefore I dissent from the opinion of the majority of the court in this case.

Rehearing refused.